Fa Tao TUN, aka Fa Toa Tun, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–72281.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 13, 2005.

David Z. Su, Esq., Law Offices of David Z. Su, El Monte, CA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Donald A. Couvillon, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Fa Tao Tun, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision af-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

firming an Immigration Judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000), and we deny the petition.

Substantial evidence supports the BIA's findings that Tun did not demonstrate past persecution on account of religion. *See Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) (explaining that persecution is an extreme concept that does not include every sort of offensive treatment). Further, Tun did not provide sufficient evidence to support a well-founded fear of persecution based on his religious beliefs. *See Prasad v. INS*, 47 F.3d 336, 338 (9th Cir.1995) (requiring credible, direct, and specific evidence of facts supporting a reasonable fear of persecution on the relevant ground).

Because Tun failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). Tun does not challenge the denial of CAT relief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**